# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
Robert Burton
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 07-30281

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
 ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
 ☐ an offense for which the maximum sentence is life imprisonment or death.
 ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
 ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
 ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
 ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.
☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant Burton is currently on bond in a case before Judge Friedman involving the Highwaymen Motorcycle Club. The underlying case charged defendant with distribution of cocaine, along with other defendant club members. The instant charges allege that defendant has threatened the life of the source Federal witness, (whose identity has become known to defendant) and has threatened the family of the witness. Specifically, after counsel for the government learned of defendant's alleged witness tampering activities, he sent a letter to all defense counsel requesting that they advise their clients to cease and desist their efforts to locate and intimidate and threaten this source witness. (continue on page 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| June 4, 2007 | s/ Mona K. Majzoub |
|---|---|
| *Date* | *Signature of Judge* |
| | MONA K. MAJZOUB UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**The activities have nevertheless been ongoing. A picture of the source witness was posted in the Highwaymen Clubhouse labeled with the word "rat". The government alleges that defendant caused a third person to hire a private investigator to tail the source so that the source could be set up for "a hit" as defendant was told to have no direct contact and he has vowed that he will not go to jail. The brother of the source was followed as he drove on I-275 (near I-94) and was menaced on the highway for 20 minutes by defendant Burton.**

**Defendant denies having any such contact with any witness in this case. He argues that he should be given a bond.**

**Testimony from the case agent Brzezinski established that defendant Burton stated that he wanted to put a hit on the source, that the defendant has vowed not to go to jail and that the source's family stated that defendant Burton recently followed and menaced the source's brother on the highway.**

**It is anticipated that Judge Friedman will violate defendant and revoke his bond. Defendant has two previous convictions for assaultive crimes.**

**No conditions of bond would assure the safety of the community or the witnesses involved. Therefore detention is ordered**.